AMANDA K. TOMACK
D.C. Bar No. 1743288
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 598-0969
Fax: (202) 514-6866
Amanda.Tomack2@usdoj.gov

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re : | | |
| : | | |
| 20230930-DK-BUTTERFLY-1, INC. f/k/a/ : | | Chapter 11 |
| : | | |
| Bed Bath & Beyond, Inc., et. al., : | | Case No. 23-13359 (VFP) |
| : | | |
| Debtors. : | | |
| : | | |
| MICHAEL GOLDBERG as : | | |
| Plan Administrator for 20230930-DK- : | | |
| BUTTERFLY-1, INC. f/k/a : | | |
| Bed Bath & Beyond Inc., : | | Adv. Pro. No. 2:24-ap-1533 |
| : | | |
| Plaintiff : | | |
| vs. : | | |
| : | | |
| INTERNAL REVENUE SERIVCE, : | | |
| Agency of the United States of America : | | |
| (Internal Revenue Service), : | | |
| : | | |
| Defendant. : | | |
| : | | |

## **ANSWER**

Defendant, United States of America, improperly pleaded as Internal Revenue Service,

1

("Defendant") responds to Plaintiff's Amended Complaint (Dkt. 30) as follows[1]:

## Nature of the Action

1. Defendant admits to the extent that the Plain Administrator filed the Amended Complaint based on recovery to overpayments for Tax Years 2018 and 2019. Further, Defendant admits to the extent that the Amended Complaint contains three counts: (1) Turnover of Property Pursuant to 11 U.S.C. § 542, (2) Unjust Enrichment, and (3) Declaratory Relief. To the extent that Paragraph 1 has additional factual allegations that require a response, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

## The Parties

2. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 2.

3. Defendant admits the allegation in Paragraph 3.

## Jurisdiction and Venue

4. Defendant admits the allegation in Paragraph 4.

5. Defendant admits the allegation in Paragraph 5.

6. Defendant admits the allegation in Paragraph 6.

7. Defendant admits the allegation in Paragraph 7.

## Factual Background

**A. General Case Background**

---

[1] On February 11, 2025, Plaintiff filed an unopposed motion for leave to file an Amended Complaint, which the Court granted on March 4, 2025. ECF No. 30, 33. On March 7, 2025, Plaintiff filed a supplemental version of the Amended Complaint. ECF No. 36. Defendant's answer responds to Plaintiff's supplemental version of the amended complaint filed on March 7, 2025.

2

8. Defendant admits to the extent that on April 23, 2023, Plaintiff filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 8.

9. Defendant admits to the extent that docket entry 2712 in bankruptcy case 23-bk-13359 (D. NJ.) contains the language in the first clause of Paragraph 9. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 9.

10. Defendant admits to the extent that docket entry 2311 in bankruptcy case 23-bk-13359 (D. NJ.) states "(B) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates . . . ." Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 10.

**B. BBB's Original Tax Return and Refund Claim with IRS**

11. Defendant admits the allegations of Paragraph 11, except that with respect to the allegation that it was a "leading retailer" admits only that it was a "retailer" and lacks knowledge or information sufficient to form a belief as to whether its status as a retailer could be described as "leading."

12. Defendant admits to the extent Exhibit A, pages 19-26, purports to be a true and accurate copy of Plaintiffs Form 1120 for 2018 Tax Year.[2]

13. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff's Form 1120 for Tax Year 2019 was considered timely, as Defendant does not have the date that Plaintiff filed Form 1120. Defendant admits to the remaining allegations in Paragraph 13.

---

[2] BBB refers to its tax return for the tax period ending March 3, 2018, as its 2018 return. It refers to its tax return for the tax period ending March 2, 2019, as its 2019 return. The tax period ending March 3, 2018, was BBB's 2017 tax year and the tax period ending March 2, 2019, was its 2018 tax year. However, to avoid confusion, Defendant uses the same terms as the Complaint throughout this answer.

14. Defendant admits to the extent that Defendant utilized the enhanced charitable contribution deduction under 26 U.S.C. § 170(e)(3) on the original Form 1120. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 14.

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 15.

16. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 17.

18. Defendant admits to the extent that Exhibit A, pages 2-16, purports to be a true and accurate copy of Plaintiffs amended Form 1120 X for 2018 Tax Year, ("2018 Refund Claim").

19. Defendant admits to the extent that Exhibit A, page 17, purports to be a true and accurate copy of Plaintiff's Form 1125-A. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20.

21. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 21.

22. Defendant admits to the extent that Ex. A pages 2-16 purports to be a true and accurate copy of Plaintiff's Amended Form 1120 X which includes a reduction amount of $8,275,882, which Plaintiff states is attributable to reccomputation of the taxpayer's deducible 10% contribution limit under IRC section 170(b)(2). *See* Ex. A, p. 2 and 5.

23.     Defendant admits to the extent that Ex A, pages 2-16 appear to be a true and accurate copy of Plaintiff's Amended Form 1120 X for Tax Year 2018, which includes an overpayment amount of $13,637.620. *See* Ex. A. p. 2.

24.     Defendant admits to the extent that Ex. B, pages 2-11 appear to be a true and accurate copy of Plaintiff's Amended Form 1120 X for the Tax Year 2019, signed on May 25, 2023, ("2019 Tax Refund"). Further, Defendant agrees to the extent that 2018 and 2019 refund claims are attached to the Amended Complaint, filed on March 7, 2025, within Exhibits A and B.

25.     Defendant admits to the extent that Exhibit B, pg. 12, purports to be a true and accurate copy of Plaintiffs 1125-A. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 25.

26.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26.

27.     Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 27.

28.     Defendant admits to the extent that Ex B, pages 2-11 appear to be a true and accurate copy of Plaintiff's Amended Form 1120 X for Tax Year 2019, which includes an overpayment amount of $9,352,953. *See* Ex. B, p. 2.

29.     Defendant agrees to the extent that Plaintiff's Form 1120 X for Tax Years 2018 and 2019 (the amended returns) attempt to utilize the basic charitable deduction under §170(e)(1) – instead of the enhanced deduction under §170(e)(3), which Plaintiff originally included in the 2018 and 2019 tax returns (Form 1120). Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 29.

30. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30.

31. Defendant admits to the extent that Ex. A. p, 5 and Ex. B, p. 4 appear to be true and accurate copies of Plaintiff's Explanation of Amended Tax Return Changes which included, among other information, language cited in Paragraph 31.

32. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 32.

33. Defendant admits to the extent that Ex. C appears to contain true and accurate copies of Memorandum on Disallowances both issued by Defendant on March 26, 2024, regarding tax periods ending on March 3, 2018, and March 2, 2019.

**C. Section 170(e)(1), Section 170(e)(3) and the Regulations**

34. Paragraph 34 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant agrees.

35. Paragraph 35 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant denies that the Plaintiff's explanation of 170(e)(1) contains the entire scope of the code provision. To donate inventory under 170(e)(1), the taxpayer may only include the costs of donated inventory which were acquired in the same taxable year.

36. Paragraph 36 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant denies that the Plaintiff's explanation of 170(e)(1) contains the entire scope of the code provision. To donate inventory under 170(e)(1), the taxpayer may only include the costs of donated inventory which were acquired in the same taxable year.

37. Paragraph 37 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant admits.

38.     Defendant admits to the extent that 170(e)(3) is considered the enhanced deduction. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 38.

39.     Paragraph 39 contains a legal conclusion to which no response is required; to the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 39.

40.     Defendant admits to the extent Treas. Reg. § 1.170A-1(c)(4), includes the language Plaintiff references in paragraph 40. Defendant further admits that the Reg. section also provides that, "[a]ny costs and expenses pertaining to the contributed property which were incurred in taxable years preceding the year of contribution and are properly reflected in the opening inventory for the year of contribution must be removed from the inventory and are not part of the cost of goods sold for purposes of determining gross income for the year of contribution . . . ."

41.     Paragraph 41 contains a legal conclusion to which no response is required; to the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 41.

42.     Defendant admits to the extent that the word "election" is not explicitly stated in either 170(e)(1) or 170(e)(3), which Defendant asserts shows support for Congressional intent to prohibit taxpayers from electing to utilize a charitable deduction after initially filing a return using a deduction alternative.  To the extent that there are any remaining allegations in Paragraph 42 that require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

43. Defendant admits to the extent that the Treasury regulations cited by Defendant do not explicitly reference 170(e)(1) or 170(e)(3). Defendant denies that the Treasury regulations cited by Defendant fail to include information about proper charitable deduction computation.

44. Paragraph 44 contains a legal conclusion to which no response is required; to the extent a response is required, Defendant admits to the extent that §§ 170(e)(1) or 170(e)(3), do not require the taxpayer to demonstrate the date of purchase date for each piece of inventory charitable computation. However, Defendant disagrees that applicable Treasury regulations, which correlate to the cited statutory sections fail to include such requirements. Treas. Reg. § 1.170A-4A(c)(3).

45. Paragraph 45 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant admits that Treas. Reg. § 1.170A-1(c)(4) which correlates to § 170(e)(1), requires that the taxpayer include the costs of donated inventory which were acquired in the same taxable year as the donation. The Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 45.

46. Paragraph 46 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 46.

47. Paragraph 47 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 47.

48. Paragraph 48 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 48.

Case 24-01533-VFP    Doc 37    Filed 04/09/25    Entered 04/09/25 17:26:59    Desc Main
Document    Page 9 of 16

49. The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 49.

50. The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 50.

51. Defendant admits to the extent that Plaintiff references examples found in Treas. Reg. § 1.170A-1(c)(4).

52. The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 52.

53. The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 53.

54. Paragraph 54 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54.

55. The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 55.

56. The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 56.

**D. Notice 2008-90 and Intent of Section 7170(e)**

57. The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 57.

58. Defendant admits to the extent that Plaintiff references language contained within a section of Notice 2008-90.

9

59. The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 59.

60. The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 60.

61. The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 61.

62. The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 62.

63. Defendant denies to the extent that the IRS Memorandums of Disallowance for Tax Years 2018 and 2019 failed to include challenges to the charitable contribution deduction for inventory contributed within the applicable tax years Ex. C pages 5, 9. The Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 63.

64. The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 64.

65. Defendant denies to the extent that the Memorandums of Disallowance include an additional requirement. *See* Treas. Reg. § 1.170A-4A(c)(3). The Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 65.

66. Defendant denies to the extent that the IRS's denial of Defendant's Refund Claim is contrary to Notice 2008-90. The Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 66.

67. Paragraph 67 contains a legal conclusion to which no response is required; to the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 67.

68. Paragraph 68 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 68.

**E. Doctrine of Election Does Not Apply**

69. Defendant admits to the extent that IRS disallowances was partially due to Plaintiff irrevocably electing the enhanced method for computing the charitable contribution deduction under § 170(e)(3). However, the disallowance was also based on failing to submit a sufficient claim for refund under Treas. Reg. §170A-1(c)(4). *See* Ex. C.

70. Defendant denies to the extent that legislative history describes or designates the use of an "election" by the taxpayer in refence to alternative computations under § § 170(e)(1) and (e)(3).

71. Defendant denies to the extent that treasury regulations prescribe any time limit for computing charitable contributions under § § 170(e)(1) and (e)(3).

72. Paragraph 72 contains a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegation in Paragraph 72.

73. The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 73.

74. Paragraph 74 contains a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegation in Paragraph 74.

75. Paragraph 75 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 75.

76. Paragraph 76 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 76.

77. Paragraph 77 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 77.

**F. BBB's Retail Procedures**

78. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 78.

79. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 79.

80. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 80.

81. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 81.

82. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 82.

83. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 83.

84. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 84.

85. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 85.

86. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 86.

87. Paragraph 87 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 87.

## COUNT I
### (Turnover of Property Pursuant to 11 U.S.C. § 542)

88. Defendant repeats its responses to paragraphs 1 through 87 as if set forth in full herein.

89. Defendant admits to the extent that if Defendant filed a valid claim for refund, Plaintiff has the ability turn over the refund amount to Plaintiff. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 89.

90. Paragraph 90 contains a legal conclusion to which no response is required; to the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 90.

91. Paragraph 91 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 91.

92. Paragraph 92 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 92.

93. Defendant admits to the extent the Plaintiffs filed Amended Form 1120 X for Tax Years 2018 and 2019. Further, Defendant admits that the requested overpayments have not been turned over to Plaintiff.

94.     Paragraph 94 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 94.

## COUNT II
### Unjust Enrichment

95.     Defendant repeats its responses to paragraphs 1 through 94 as if set forth in full herein.

96.     Defendant repeats its responses to paragraphs 1 through 95 as if set forth in full herein.

97     The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 97.

98.     The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 98.

99.     Paragraph 99 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 99.

100.    The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 100.

101.    Paragraph 101 contains a legal conclusion to which no response is required; to the extent a response is required, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 101.

## COUNT III
### Declaratory Relief

102.    Defendant repeats its responses to paragraphs 1 through 101 as if set forth in full herein.

103.     Paragraph 103 contains a legal conclusion to which no response is required; to the extent a response is required, Defendant admits that at this time Plaintiff has not submitted a valid claim

for refund. Additionally, the Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 103.

104. Paragraph 104 contains a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the remaining allegation in Paragraph 104.

105. Paragraph 105 contains a legal conclusion to which no response is required; to the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 105.

**WHEREFORE**, having responded to Plaintiff's Amended Complaint, Defendant prays that this Court dismiss Plaintiff's Amended Complaint with prejudice, grant Defendant the cost of its defense, and grant such other relief as it may be deemed and proper under the circumstances.

Date: April 9, 2025

Respectfully submitted,

*/s/ Amanda K. Tomack*
AMANDA K. TOMACK
Trial Attorney, Tax Division
U.S. Department of Justice
D.C. Bar No. 1743288
P.O. Box 227
Washington, D.C.  20044
Telephone: (202) 598-0969
Fax: (202) 514-6866
Amanda.Tomack2@usdoj.gov
*Counsel for the Defendant*

15

**CERTIFICATE OF SERIVCE**

I hereby certify that on April. 9 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF which will send notifications of such filing t those parties registered to receive it.

                                                                        */s/ Amanda K. Tomack*
                                                                        AMANDA K. TOMACK
                                                                        Trial Attorney, Tax Division