# Exhibit F

| | | |
|---|---|---|
| **Department of the Treasury** **Internal Revenue Service** **Large Business & International** 1719 Route 10 Parsippany. NJ 07054 | | Date: March 26, 2024 Taxpayer ID number (last 4 digits): 0488 Form: 1120-X Tax period ended: March 3, 2018 Amount claimed: $13,637,620.00 Date claim received: 12/19/2022 Person to contact: Kimberly Spina Employee ID number: 07-05172 Contact telephone number: 973-829-7445 Fax number: 877-538-2540 Response due date: April 25, 2024 |

20230930-DK-Butterfly-1, Inc.
(f/k/a Bed Bath & Beyond Inc.) and Subsidiaries
P.O. Box 1596
Union, NJ 07083

Dear Mr. Michael Goldberg,

We examined your claim and propose:

**Full disallowance** - as explained at the end of this letter. If you accept our findings, sign, date and return one copy of the enclosed Form 3363, Acceptance of Proposed Disallowance of Claim for Refund or Credit, and Form 2297, Waiver of Statutory Notification of Claim Disallowance. Note: If your claim involves a joint return, both taxpayers must sign the forms.

**If you don't agree with our findings**
You can contact the person shown above to request a meeting or telephone conference with me. If you still don't agree with our findings, you can request a conference with our Independent Office of Appeals (Appeals).

If the claimed refund or proposed change to tax, penalties or both is:
- $25,000 or less for each referenced tax period; send us a letter requesting Appeals consideration that tells us what you don't agree with and the reasons why.
- More than $25,000 for any referenced tax period; you must follow the instructions in the enclosed Publication 3498 to prepare a formal protest.

**What we'll do if you don't reply by the response due date**
We'll process your case based on the proposed findings and send you a statutory notice of claim disallowance. The notice will explain how to bring suit in court for the recovery of any tax, penalties, or other amounts. The law permits you to file suit within 2 years from the date we mail the notice.

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter.

**Letter 569 (Rev. 4-2021)**
Catalog Number 40248G

Thank you for your cooperation.

        Sincerely,

        Digitally signed by Kimberly R. Spina
        Date: 2024.03.26 11:58:35 -04'00'

        Kimberly Spina
        Senior Internal Revenue Agent

Enclosures:
Form 3363
Form 2297
Publication 3498
Attachment: Memorandum on Disallowance

Reason for Disallowance:
On December 19, 2022, you filed a claim using Form 1120X for a refund of $(13,637,620) for tax year 201802. As a result of our review, we have disallowed your claim. Please see the attached memo outlining the reasons for disallowance.

**Letter 569 (Rev. 4-2021)**
Catalog Number 40248G

20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond, Inc.) and Subsidiaries
EIN: ▮▮▮▮0488

## Attachment:
### Memorandum on Disallowance

For tax years ending March 3, 2018, ("TY 201802") and March 2, 2019, ("TY 201902") the Taxpayer ("TP"), formerly conducting business under the name "Bed Bath & Beyond, Inc.,"[1] filed Forms 1120, U.S. Corporation Income Tax Return, and claimed deductions for charitable contributions on Line 19 of Page 1. On these originally filed returns, TP claimed the enhanced contribution deduction under IRC § 170(e)(3) for contributions of inventory. The amount of contribution TP could claim was subject to the taxable income limitation under IRC § 170(b)(2).

On December 15, 2022, TP filed a Form 1120X, Amended U.S. Corporation Income Tax Return, for TY 201802. TP stated that based on Notice 2008-90 they "elect" to apply the enhanced deduction to some or all of their donations made during the taxable year. They indicated they are applying the "general section 170 rules" under Treas. Reg. § 1.170A-1(c)(4) so that the costs incurred in the year of contribution for inventory donated within the same taxable year will remain in Cost of Goods Sold (COGS) and thus be deducted under IRC § 162.

After the opening conference was held on March 9, 2023, TP notified the IRS that they also intend to file an amended return for TY 201912. The amended return was filed with similar changes to their charitable contribution deduction. The TP emailed the Form 1120X directly to the Team Coordinator on May 25, 2023. TP included the same explanation of changes to their computation of the deduction for charitable contributions with the 201902 amended return as was included with the 201802 amended return.

The IRS believes that TP irrevocably elected the enhanced method for computing the charitable contribution deduction under IRC § 170(e)(3). Elective choices are binding after the period for filing expires and can only be changed thereafter with the consent of the Commissioner (*Pacific Nat'l Co. v. Welch*, 304 U.S. 191 (1938)).

Under the judicial doctrine of election as stated by the Tax Court in *Grynberg v. Commissioner*, 83 T.C. 255 (1984), an election has been made when two elements are met: (1) there must be a free choice between two or more alternatives, and (2) there must an overt act by the taxpayer communicating the choice. The facts prove that TP met both elements of the election doctrine. TP computed and claimed the enhanced contribution deduction on their originally filed returns for both tax years ending March 3, 2018, and March 2, 2019. This is evidenced by the filing of Form 8283 claiming the enhanced contribution deduction.

---

[1] On September 21, 2023, the Taxpayer changed their corporate name from "Bed Bath & Beyond, Inc." to "20230930-DK-Butterfly-1, Inc.," and such change is reflected in an amendment filing to their certificate of incorporation.

20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond, Inc.) and Subsidiaries
EIN: ████0488

Attachment:
**<u>Memorandum on Disallowance</u>**

*Grynberg* lays out examples of arguments that are not valid exceptions to the irrevocability of elections. Among others, the Tax Court listed oversight, poor judgment, unawareness of tax consequences of making an election, and unexpected subsequent events to be insufficient arguments to mitigate the binding effect of elections. An unexpected subsequent event such as loss of profits, changes in consumer trends, and bankruptcy are determined to be insufficient reasons for allowing a change in election. TP made an election to compute the deduction under the enhanced contribution method and are requesting to undo their election. However, the Tax Court has ruled that an "election" cannot be revoked on an amended return after the filing deadline for the original return has passed (*see Alabama Pipe Co. v. Commissioner*, 23 T.C. 95 (1954), regarding irrevocability of an election under section 170(a)(2)).

In addition, TP failed to submit a sufficient claim for refund as required by Treas. Reg. § 301.6402-2(b)(1). Under IRC § 170(e)(1) and Treas. Reg. § 170A-1(c)(4), a taxpayer can claim the cost basis of donated inventory as COGS only when the inventory is produced or acquired in the same taxable year as it was donated. TP's explanatory letter did not include sufficient facts of the exact basis for the refund because they failed to establish that the charitable contributions in 201802 and 201902 for which they now seek to deduct as COGS on amended returns were current-year acquisitions. The TP filed Forms 8283 with their originally filed tax returns for both 201802 and 201902 that listed "VARIOUS" in Section B, Part I, Section 5, Column d as the "date acquired by the donor." With the absence of any additional information included on the form, or with the amended return, the Service must revert to the form instructions where it states, "if you are donating a group of similar items and you acquired the items on various dates (but have held all the items for at least 12 months), you can enter 'Various.'" Based on the TP's submission on Form 8283, the word "various" must be interpreted as items donated that have been held for longer than 12 months. Thus, even if Notice 2008-90 was applicable, it would not produce the effects that TP claims on their amended returns.

TP made irrevocable elections on their originally filed returns to apply the enhanced method for computing the deductions for their charitable contributions of inventory. The two-prong criteria for applying election doctrine are satisfied in this case and the TP does not meet any of the exceptions that would allow them to change their election on an amended return. TP did not submit a sufficient claim for refund because they failed to state facts demonstrating that the contributions were current-year acquisitions. For the reasons set forth above, the claims filed on Forms 1120X for years ending March 3, 2018, and March 2, 2019, are denied.

| | | |
|---|---|---|
| **IRS** | **Department of the Treasury**<br>**Internal Revenue Service**<br>**Large Business & International**<br>1719 Route 10<br>Parsippany. NJ 07054 | **Date:**<br>March 26, 2024<br>**Taxpayer ID number (last 4 digits):**<br>0488<br>**Form:**<br>1120-X<br>**Tax period ended:**<br>March 2, 2019<br>**Amount claimed:**<br>$9,352,953.00<br>**Date claim received:**<br>05/25/2023<br>**Person to contact:**<br>Kimberly Spina<br>**Employee ID number:**<br>07-05172<br>**Contact telephone number:**<br>973-829-7445<br>**Fax number:**<br>877-538-2540<br>**Response due date:**<br>April 25, 2024 |

20230930-DK-Butterfly-1, Inc.
(f/k/a Bed Bath & Beyond Inc.) and Subsidiaries
P.O. Box 1596
Union, NJ 07083

Dear Mr. Michael Goldberg,

We examined your claim and propose:

**Full disallowance** - as explained at the end of this letter. If you accept our findings, sign, date and return one copy of the enclosed Form 3363, Acceptance of Proposed Disallowance of Claim for Refund or Credit, and Form 2297, Waiver of Statutory Notification of Claim Disallowance. Note: If your claim involves a joint return, both taxpayers must sign the forms.

**If you don't agree with our findings**
You can contact the person shown above to request a meeting or telephone conference with me. If you still don't agree with our findings, you can request a conference with our Independent Office of Appeals (Appeals).

If the claimed refund or proposed change to tax, penalties or both is:
- $25,000 or less for each referenced tax period; send us a letter requesting Appeals consideration that tells us what you don't agree with and the reasons why.
- More than $25,000 for any referenced tax period; you must follow the instructions in the enclosed Publication 3498 to prepare a formal protest.

**What we'll do if you don't reply by the response due date**
We'll process your case based on the proposed findings and send you a statutory notice of claim disallowance. The notice will explain how to bring suit in court for the recovery of any tax, penalties, or other amounts. The law permits you to file suit within 2 years from the date we mail the notice.

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter.

**Letter 569 (Rev. 4-2021)**
Catalog Number 40248G

Thank you for your cooperation.

        Sincerely,

        *[Signature]* Digitally signed by Kimberly R. Spina
        Date: 2024.03.26 12:15:46 -04'00'

        Kimberly Spina
        Senior Internal Revenue Agent

Enclosures:
Form 3363
Form 2297
Publication 3498
Attachment: Memorandum on Disallowance

Reason for Disallowance:
On May 25, 2023 you filed a claim using Form 1120X for a refund of $(9,352,953) for tax year 201902. As a result of our review, we have disallowed your claim. Please see the attached memo outlining the reasons for disallowance.

**Letter 569 (Rev. 4-2021)**
Catalog Number 40248G

20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond, Inc.) and Subsidiaries
EIN: ███████0488

## Attachment:
## Memorandum on Disallowance

For tax years ending March 3, 2018, ("TY 201802") and March 2, 2019, ("TY 201902") the Taxpayer ("TP"), formerly conducting business under the name "Bed Bath & Beyond, Inc.,"[1] filed Forms 1120, U.S. Corporation Income Tax Return, and claimed deductions for charitable contributions on Line 19 of Page 1. On these originally filed returns, TP claimed the enhanced contribution deduction under IRC § 170(e)(3) for contributions of inventory. The amount of contribution TP could claim was subject to the taxable income limitation under IRC § 170(b)(2).

On December 15, 2022, TP filed a Form 1120X, Amended U.S. Corporation Income Tax Return, for TY 201802. TP stated that based on Notice 2008-90 they "elect" to apply the enhanced deduction to some or all of their donations made during the taxable year. They indicated they are applying the "general section 170 rules" under Treas. Reg. § 1.170A-1(c)(4) so that the costs incurred in the year of contribution for inventory donated within the same taxable year will remain in Cost of Goods Sold (COGS) and thus be deducted under IRC § 162.

After the opening conference was held on March 9, 2023, TP notified the IRS that they also intend to file an amended return for TY 201912. The amended return was filed with similar changes to their charitable contribution deduction. The TP emailed the Form 1120X directly to the Team Coordinator on May 25, 2023. TP included the same explanation of changes to their computation of the deduction for charitable contributions with the 201902 amended return as was included with the 201802 amended return.

The IRS believes that TP irrevocably elected the enhanced method for computing the charitable contribution deduction under IRC § 170(e)(3). Elective choices are binding after the period for filing expires and can only be changed thereafter with the consent of the Commissioner (*Pacific Nat'l Co. v. Welch*, 304 U.S. 191 (1938)).

Under the judicial doctrine of election as stated by the Tax Court in *Grynberg v. Commissioner*, 83 T.C. 255 (1984), an election has been made when two elements are met: (1) there must be a free choice between two or more alternatives, and (2) there must an overt act by the taxpayer communicating the choice. The facts prove that TP met both elements of the election doctrine. TP computed and claimed the enhanced contribution deduction on their originally filed returns for both tax years ending March 3, 2018, and March 2, 2019. This is evidenced by the filing of Form 8283 claiming the enhanced contribution deduction.

---

[1] On September 21, 2023, the Taxpayer changed their corporate name from "Bed Bath & Beyond, Inc." to "20230930-DK-Butterfly-1, Inc.," and such change is reflected in an amendment filing to their certificate of incorporation.

20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond, Inc.) and Subsidiaries
EIN: ▮▮▮▮▮0488

Attachment:
**<u>Memorandum on Disallowance</u>**

*Grynberg* lays out examples of arguments that are not valid exceptions to the irrevocability of elections. Among others, the Tax Court listed oversight, poor judgment, unawareness of tax consequences of making an election, and unexpected subsequent events to be insufficient arguments to mitigate the binding effect of elections. An unexpected subsequent event such as loss of profits, changes in consumer trends, and bankruptcy are determined to be insufficient reasons for allowing a change in election. TP made an election to compute the deduction under the enhanced contribution method and are requesting to undo their election. However, the Tax Court has ruled that an "election" cannot be revoked on an amended return after the filing deadline for the original return has passed (see *Alabama Pipe Co. v. Commissioner*, 23 T.C. 95 (1954), regarding irrevocability of an election under section 170(a)(2)).

In addition, TP failed to submit a sufficient claim for refund as required by Treas. Reg. § 301.6402-2(b)(1). Under IRC § 170(e)(1) and Treas. Reg. § 170A-1(c)(4), a taxpayer can claim the cost basis of donated inventory as COGS only when the inventory is produced or acquired in the same taxable year as it was donated. TP's explanatory letter did not include sufficient facts of the exact basis for the refund because they failed to establish that the charitable contributions in 201802 and 201902 for which they now seek to deduct as COGS on amended returns were current-year acquisitions. The TP filed Forms 8283 with their originally filed tax returns for both 201802 and 201902 that listed "VARIOUS" in Section B, Part I, Section 5, Column d as the "date acquired by the donor." With the absence of any additional information included on the form, or with the amended return, the Service must revert to the form instructions where it states, "if you are donating a group of similar items and you acquired the items on various dates (but have held all the items for at least 12 months), you can enter 'Various.'" Based on the TP's submission on Form 8283, the word "various" must be interpreted as items donated that have been held for longer than 12 months. Thus, even if Notice 2008-90 was applicable, it would not produce the effects that TP claims on their amended returns.

TP made irrevocable elections on their originally filed returns to apply the enhanced method for computing the deductions for their charitable contributions of inventory. The two-prong criteria for applying election doctrine are satisfied in this case and the TP does not meet any of the exceptions that would allow them to change their election on an amended return. TP did not submit a sufficient claim for refund because they failed to state facts demonstrating that the contributions were current-year acquisitions. For the reasons set forth above, the claims filed on Forms 1120X for years ending March 3, 2018, and March 2, 2019, are denied.