ROBERT J. ATRAS
Trial Attorney, Civil Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Telephone: (202) 598-3738
Fax: (202) 514-6866
Robert.J.Atras@usdoj.gov

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re | : | |
| | : | |
| 20230930-DK-BUTTERFLY-1, INC. f/k/a/ | : | Chapter 11 |
| | : | |
| Bed Bath & Beyond, Inc., et. al., | : | Case No. 23-13359 (VFP) |
| | : | |
| Debtors. | : | |
| | : | |
| MICHAEL GOLDBERG as | : | |
| Plan Administrator for 20230930-DK- | : | |
| BUTTERFLY-1, INC. f/k/a | : | |
| Bed Bath & Beyond Inc., | : | Adv. Pro. No. 2:24-ap-1533 |
| | : | |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| INTERNAL REVENUE SERVICE, | : | |
| Agency of the United States of America | : | |
| | : | |
| Defendant. | : | |
| | : | |

**UNITED STATES' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

In accordance with Local Rule 7056-1(a), the United States sets forth the following

material facts as to which there does not exist a genuine issue.

***Factual Background***

1. Debtor, 20230930-DK-Butterfly, Inc. f/k/a Bed Bath & Beyond, Inc. and affiliates

    ("***Debtor***"), timely filed Form 1120, *U.S. Corporation Income Tax Return* (the "***2018 Tax***

1

*Return*") for its taxable period ending March 3, 2018 (the "***2018 Tax Year***"). (ECF No. 46-1, ¶ 11).

1. Debtor timely filed Form 1120, *U.S. Corporation Income Tax Return* (the "***2019 Tax Return***") for its taxable period ending March 2, 2019 (the "***2019 Tax Year***"). (*Id.*, ¶ 12)

2. On the 2018 Tax Return and 2019 Tax Return, Debtor claimed deductions for charitable contributions of inventory made during the Tax Years pursuant to 26 U.S.C. § 170(e)(3). (*Id.*, ¶ 13).

3. On December 15, 2022, Debtor filed Form 1120X, *Amended U.S. Corporation Income Tax Return*, for the 2018 Tax Year, representing Debtor's refund claim for that period (the "***2018 Refund Claim***"). (*Id.*, ¶ 17).

4. The 2018 Refund Claim sought a refund of overpaid income tax in the amount of $13,637,620, plus accrued interest. (*Id.*, ¶ 21 and Ex. D).

5. On May 25, 2023, Debtor filed Form 1120X, *Amended U.S. Corporation Income Tax Return*, for the 2019 Tax Year, representing BBB's refund claim for that period (the "***2019 Refund Claim***"). (*Id.*, ¶ 23).

6. The 2019 Refund Claim sought refund of overpaid income tax in the amount of $9,352,953, plus accrued interest. (*Id.*, ¶ 27).

7. Debtor's 2018 Refund Claim and 2019 Refund Claim abandoned the method of computing the charitable contribution deduction pursuant to 26 U.S.C. § 170(e)(3), which was used on its 2018 and 2019 Tax Returns, and instead elected to use the method provided in 26 U.S.C. § 170(e)(1). This change in computation method is the basis for Debtor's Refund Claims.

*Procedural Background*

8.  On August 16, 2024, Michael Goldberg, Plan Administrator for Debtor ("***Plaintiff***") filed this adversary proceeding. (ECF No. 1.)

9.  On January 24, 2025, the Court entered a *Joint Order Scheduling Pretrial Proceedings and Trial* (ECF No. 28), which ordered as follows:

    a.  Plaintiff "shall file a motion for leave to file an amended complaint with a proposed amended complaint on or before February 11, 2025." (*Id.*, ¶ 1.)

    b.  The United States "shall file its response to the amended complaint within 30 days of entry of an order granting the Plan Administrator's motion to amend complaint." (*Id.*)

    c.  "The Parties shall have 30 days from the filing of the Defendant's response to the amended complaint to engage in informal discovery. After completion of informal discovery, the parties shall agree upon a mediator for service in this case and submit a mediation order to the Court[.]" (*Id.*, ¶ 2.)

    d.  "Should the mediation not result in resolution of this case, all fact discovery is to be completed within 120 days of the Mediator filing a Mediation Report, unless such time is extended by stipulation or Court order ("Fact Discovery End-Date"). (*Id.*, ¶ 4.)

10. The parties attended a mediation session on September 11, 2025. (ECF No. 46-1 at 13, ¶ 41); (ECF No. 50-5, ¶ 8).

11. At the conclusion of the mediation, the parties requested that the mediator leave the mediation open so that the parties could return if settlement discussions progressed to a more viable stage. (*See* ECF No. 45 at 2) (ECF No. 50-5, ¶ 9).

3

12. On December 8, 2025, with the United States' consent, Plaintiff filed an Adjournment Request for the upcoming pretrial conference, explaining that "While no agreement was reached at the mediation conference, the mediator left the mediation 'open' and the parties are still engaged in settlement discussions." (ECF No. 45 at 2); (ECF No. 50-5, ¶¶ 13-14).

13. As of the date hereof, the mediator has not filed a Mediation Report on the docket in this case, so the Fact Discovery End-Date, set for 120 days from the filing of the Mediation Report by the *Joint Order Scheduling Pretrial Proceedings and Trial* (ECF No. 28), has not yet been determined. (ECF No. 50-5, ¶ 17.)

14. The United States served written discovery requests on Plaintiff on April 6, 2026. (ECF No. 50-4, ¶ 18.)

15. The United States' written discovery requests seek the following information, which is essential for Plaintiff to substantiate in order to be entitled to a refund:

   a. the fair market value of the donated inventory comprising Debtor's charitable contribution deduction and refund claims;

   b. the cost basis of the donated inventory comprising Debtor's charitable contribution deduction and refund claims;

   c. the date of acquisition of the donated inventory comprising Debtor's charitable contribution deduction and refund claims;

   d. the amount of cost of goods sold reported on Debtor's refund claims, including whether and to what extent the cost of inventory donated in prior years was included in cost of goods sold for each year; and

    e.   whether the donated inventory contributions constitute qualifying charitable contributions under 26 U.S.C. § 170 and the applicable Treasury Regulations, including the nature of the inventory, donee organizations, use of the inventory by the donee organizations, and other criteria.

(ECF No. 50-5, ¶ 21.)

16. As of the date hereof, the United States has not received responses to the written discovery requests it served on Plaintiff. (*Id.*, ¶ 19.)

17. Plaintiff's responses to the United States' discovery requests are essential for the United States to determine whether Debtor has established its entitlement to the refunds it claims in this suit. (*Id.*, ¶ 20.)