ROBERT J. ATRAS
Trial Attorney, Civil Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Telephone: (202) 598-3738
Fax: (202) 514-6866
Robert.J.Atras@usdoj.gov

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re | : |
| | : |
| 20230930-DK-BUTTERFLY-1, INC. f/k/a/ | : Chapter 11 |
| | : |
| Bed Bath & Beyond, Inc., et. al., | : Case No. 23-13359 (VFP) |
| | : |
| Debtors. | : |
| | : |
| MICHAEL GOLDBERG as | : |
| Plan Administrator for 20230930-DK- | : |
| BUTTERFLY-1, INC. f/k/a | : |
| Bed Bath & Beyond Inc., | : Adv. Pro. No. 2:24-ap-1533 |
| | : |
| Plaintiff | : |
| vs. | : |
| | : |
| INTERNAL REVENUE SERIVCE, | : |
| Agency of the United States of America | : |
| (Internal Revenue Service), | : |
| | : |
| Defendant. | : |
| | : |

**DECLARATION OF ROBERT J. ATRAS IN SUPPORT OF
UNITED STATES' REQUEST FOR RULE 56(d) RELIEF IN
<u>RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to 28 U.S.C. § 1746, I, Robert J. Atras, under penalty of perjury, declare as

follows:

1.  Plaintiff Michael Goldberg, Plan Administrator ("***Plaintiff***") for Debtor Bed Bath &

    Beyond, ("***Debtor***") filed this adversary proceeding on August 1, 2024. (ECF No. 1.)

1

2. On October 18, 2024, the United States filed a motion to dismiss this adversary proceeding because, *inter alia*, as a matter of law, the election doctrine prevents Debtor from changing its election as to the method of computing the deduction. (ECF No. 14.)

3. The Court held a hearing on the Government's motion on November 13, 2024. (ECF No. 24.)

4. At the conclusion of the November 13, 2024 hearing, the Court stated: "the IRS showed that the election doctrine is valid and good law" but decided to "put [ ] to the side as to whether it applies in this case in particular." (Hrg. Tr. 25:17-21.)

5. On January 24, 2025, the Court entered a *Joint Order Scheduling Pretrial Proceedings and Trial* (ECF No. 28), which ordered as follows:

   a. Plaintiff "shall file a motion for leave to file an amended complaint with a proposed amended complaint on or before February 11, 2025." (*Id.*, ¶ 1.)

   b. The United States "shall file its response to the amended complaint within 30 days of entry of an order granting the Plan Administrator's motion to amend complaint." (*Id.*)

   c. "The Parties shall have 30 days from the filing of the Defendant's response to the amended complaint to engage in informal discovery. After completion of informal discovery, the parties shall agree upon a mediator for service in this case and submit a mediation order to the Court[.]" (*Id.*, ¶ 2.)

   d. "Should the mediation not result in resolution of this case, all fact discovery is to be completed within 120 days of the Mediator filing a Mediation Report,

2

unless such time is extended by stipulation or Court order ("Fact Discovery

End-Date"). (*Id.*, ¶ 4.)

6. Plaintiff filed a motion for leave to amend complaint on February 11, 2025. (ECF No.

30.)

7. The Court entered an order granting Plaintiff's motion for leave to amend complaint

on March 4, 2025. (ECF No. 33.)

8. The parties attended a mediation session on September 11, 2025.

9. At the conclusion of the mediation, the parties requested that the mediator leave the

mediation open so that the parties could return if settlement discussions progressed to

a more viable stage. (*See* ECF No. 45 at 2.)

10. As such, the mediator directed counsel for Plaintiff to provide the United States with

written support for their legal arguments regarding applicability of the election

doctrine for purposes of considering settlement potential.

11. Due to a lapse in appropriations funding the Department of Justice, counsel for the

United States was prohibited by law from working, even on a voluntary basis, from

midnight on September 30, 2025 through November 12, 2025.

12. On December 3, 2025, the United States asked Plaintiff's counsel for an update on the

status of the written support described in paragraph 10 above, via email. (**Exhibit A**,

*Email to Plaintiff's Counsel*.)

13. On December 8, 2025, counsel for Plaintiff responded that "it would not be

productive to send a detailed write up on the legal arguments." (*Id.*)

14. The same day, with the United States' consent, Plaintiff filed an Adjournment

Request for the upcoming pretrial conference, explaining that "While no agreement

was reached at the mediation conference, the mediator left the mediation 'open' and the parties are still engaged in settlement discussions." (ECF No. 45 at 2.)

15. The United States heard nothing further from Plaintiff's counsel regarding settlement.

16. Plaintiff filed a motion for summary judgment on February 3, 2026. (ECF No. 46.)

17. As of the date hereof, the mediator has not filed a Mediation Report on the docket in this case, so the Fact Discovery End-Date, set for 120 days from the filing of the Mediation Report by the *Joint Order Scheduling Pretrial Proceedings and Trial* (ECF No. 28), has not yet been determined.

18. The United States served written discovery requests on Plaintiff on April 6, 2026. (**Exhibit B**, *United States' Written Discovery Requests*.) They were not served earlier in this litigation because the period for formal discovery had not yet commenced as this case remained in a settlement posture and counsel for the United States expected to hear more from Plaintiff's counsel regarding settlement. Counsel for United States was surprised by Plaintiff's motion for summary judgment.

19. As of the date hereof, Plaintiff has not yet responded to the United States' discovery requests, and such responses are not yet due.

20. Plaintiff's responses to the United States' discovery requests are essential for the United States to determine whether Debtor has substantiated the refund claims it seeks in this suit.

21. Specifically, the United States' written discovery requests seek the following information, which is essential for Plaintiff to substantiate in order to be entitled to a refund, as all of these requests speak to the elements of a charitable contribution deduction under 26 U.S.C. § 170:

4

a.   the fair market value of the donated inventory comprising Debtor's charitable

contribution deduction and refund claims;

b.   the cost basis of the donated inventory comprising Debtor's charitable

contribution deduction and refund claims;

c.   the date of acquisition of the donated inventory comprising Debtor's

charitable contribution deduction and refund claims;

d.   the amount of cost of goods sold reported on Debtor's refund claims,

including whether and to what extent the cost of inventory donated in prior

years was included in cost of goods sold for each year; and

e.   whether the donated inventory contributions constitute qualifying charitable

contributions under 26 U.S.C. § 170 and the applicable Treasury Regulations,

including the nature of the inventory, donee organizations, use of the

inventory by the donee organizations, and other criteria.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 7, 2026

*Robert J. Atras*

Robert J. Atras
Trial Attorney, Civil Division
U.S. Department of Justice

5

# EXHIBIT A

*Email to Plaintiff's Counsel*

Case 24-01533-VFP    Doc 50-4    Filed 04/07/26    Entered 04/07/26 22:05:07    Desc
Declaration in Support of Request for Rule 56(d) Relief    Page 6 of 19

| | |
|---|---|
| **From:** | raye.elliott@akerman.com |
| **To:** | Atras, Robert J. (TAX) |
| **Cc:** | peter.larsen@akerman.com; stefi.george@akerman.com |
| **Subject:** | [EXTERNAL] RE: Bed Bath / IRS |
| **Date:** | Monday, December 8, 2025 4:31:52 PM |

Rob,

Sorry for the delay in responding. Thanks for your response below. Please let us know as soon as you hear an update on the approved refunds.

We are also fine with adjourning the pre-trial. I will prepare the adjournment request and send it to you for approval.  In the meantime, we have the impression from the mediation that it would not be productive to send a detailed write up on the legal arguments.  However, we remain interested in settlement and would be willing to continue our discussions at any time during course of this case.

**Raye Elliott**

Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602

D: 813 209 5013 | T: 813 223 7333 | F: 813 223 2837

raye.elliott@akerman.com

---

**From:** Atras, Robert J. (TAX) <Robert.J.Atras@usdoj.gov>
**Sent:** Monday, December 8, 2025 11:18 AM
**To:** Elliott, Raye (Ptnr-Tpa) <raye.elliott@akerman.com>
**Cc:** Larsen, Peter (Ptnr-Jax) <peter.larsen@akerman.com>; George, Stefi (Ptnr-NY) <stefi.george@akerman.com>
**Subject:** RE: Bed Bath / IRS

**[External to Akerman]**

Hi—following up on my suggestion to move the PTC. Let me know what you think, please.

Best,
Rob

**Robert J. Atras**
U.S. Department of Justice, Civil Division
202-598-3738 (m) | 202-514-6866 (f)

---

**From:** Atras, Robert J. (TAX)
**Sent:** Wednesday, December 3, 2025 5:20 PM
**To:** raye.elliott@akerman.com; Tomack, Amanda (TAX) <Amanda.Tomack2@usdoj.gov>
**Cc:** peter.larsen@akerman.com; stefi.george@akerman.com
**Subject:** RE: Bed Bath / IRS

Hi Raye,

My contact at IRS is in a meeting with their national office tomorrow and the status of this refund will be discussed. I'll let you know as soon as I hear an update. I hope to have an answer before the Pre-Trial Conference scheduled for next Thursday.

On that note—any thoughts on adjourning the Pre-Trial to January or February? Post-mediation, I believe Stefi was going to provide a write-up re: legal arguments about applicability of the election doctrine here for purposes of considering settlement potential.

Best,
Rob

**Robert J. Atras**
U.S. Department of Justice, Civil Division
202-598-3738 (m) | 202-514-6866 (f)

---

**From:** raye.elliott@akerman.com <raye.elliott@akerman.com>
**Sent:** Thursday, November 20, 2025 3:52 PM
**To:** Atras, Robert J. (TAX) <Robert.J.Atras@usdoj.gov>; Tomack, Amanda (TAX) <Amanda.Tomack2@usdoj.gov>
**Cc:** peter.larsen@akerman.com; stefi.george@akerman.com
**Subject:** [EXTERNAL] Bed Bath / IRS

Rob and Amanda,

We wanted to follow up with again on the status of payment of the $6.5 million refund that was approved by the Joint Committee back in May. Do you have any information on when this refund will be paid? Thank you.

**Raye Elliott**
Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333 | F: 813 223 2837
raye.elliott@akerman.com

vCard | Profile

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that

# EXHIBIT B

*United States' Written Discovery Requests*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re | : | |
| | : | |
| 20230930-DK-BUTTERFLY-1, INC. f/k/a/ | : | Chapter 11 |
| | : | |
| Bed Bath & Beyond, Inc., et. al., | : | Case No. 23-13359 (VFP) |
| | : | |
| Debtors. | : | |
| | : | |
| MICHAEL GOLDBERG as | : | |
| Plan Administrator for 20230930-DK- | : | |
| BUTTERFLY-1, INC. f/k/a | : | |
| Bed Bath & Beyond Inc., | : | Adv. Pro. No. 2:24-ap-1533 |
| | : | |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| INTERNAL REVENUE SERIVCE, | : | |
| Agency of the United States of America | : | |
| (Internal Revenue Service), | : | |
| | : | |
| Defendant. | : | |
| | : | |

## UNITED STATES' FIRST SET OF INTERROGATORIES
## AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, as incorporated by Rules 7026, 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure, the United States of America requests that Plaintiff Michael Goldberg, as Plan Administrator for 20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond Inc., respond to the requests below within thirty (30) days of service, in accordance with the instructions that follow the requests.

1

**I.       United States' First Set of Interrogatories**.

**Interrogatory 1:** Identify each person with knowledge of the facts relevant to your claim for

Debtor's entitlement to a Charitable Contribution Deduction for the relevant periods, including a

brief description of the facts known by each person.

> **Response:**

**Interrogatory 2:** Explain how you or Debtor calculated the amount of Charitable Contribution

Deduction to which you contend Debtor is entitled. A complete answer should address how you

or Debtor determined the amount, cost basis, fair market value, and date of acquisition of any

Donated Inventory.

> **Response:**

**CERTIFICATION OF RESPONDENT**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the answers to the
foregoing Interrogatories are true and correct.

Executed on _____          _____
                                                                  Name:
                                                                  Role:
                                                                  Address:
                                                                  Phone

2

## II.    Requests for Production.

**RFP 1**: Produce all documents relied upon by Debtor for its 2018 Refund Claim and 2019 Refund Claim.

    **Response:**

**RFP 2**: Produce all documents supporting the calculation of Costs of Goods Sold as reported on the 2018 Refund Claim and 2019 Refund Claim, including the cost basis and fair market value of Donated Inventory.

    **Response:**

**RFP 3**: Produce all documents sufficient to substantiate the estimated fair market value of the Donated Inventory of $170 million for 2018 and $40 million for 2019, as referenced in the Declaration of Laura Crossen (ECF No. 46-2, ¶ 8).

    **Response:**

**RFP 4**: Produce all documentation showing that the Donated Inventory reported on the 2018 Refund Claim and 2019 Refund Claim were acquired by Debtor in the same tax year as it was donated.

    **Response:**

**RFP 5**: Produce all documentation, including correspondence, with any organization that received the Donated Inventory reported on the 2018 Refund Claim and 2019 Refund Claim.

    **Response:**

**RFP 6**: Produce all documentation purporting to show that any Donated Inventory reported on

the 2018 Refund Claim and 2019 Refund Claim were received by a qualifying organization

under the Internal Revenue Code.

   **Response:**

**RFP 7**: Produce all documents sufficient to substantiate the reclassification of the two groups of

merchandise from inventory to another account prior to donating, as referenced in the

Declaration of Laura Crossen (ECF No. 46-2, ¶ 9).

   **Response:**

**RFP 8**: Produce all workpapers and financial records referenced in the Declaration of Laura

Crossen (ECF No. 46-2, ¶ 29).

   **Response:**

### III.   **Instructions**

1.      <u>Address for responses</u>.  The answers to these interrogatories and requests for production shall be supplied by email to Robert.J.Atras@usdoj.gov.  Each email should be sent with a subject line indicating the total number of emails being sent (*e.g.*, BBB – Production Email 1 of 5). Alternatively, service may be made via the Department of Justice's file sharing service:  Box.com (JEFS).  Please request further instructions regarding JEFS or alternative means for response, if needed.

2.      <u>Numbering of Documents</u>. Each page of each document produced should bear a Bates-number stamp (*e.g.*, BBB-00001).

3.      <u>Format for Producing Documents</u>. Except as noted below, all documents shall be produced in native format with appropriate load files.

a.   Documents produced in native should include native file links and corresponding images.  Images should be single-page, Group IV TIFF files, scanned at 300 dpi.  All documents must contain a bates number and file names of native files should reflect the production bates number.  File names shall not contain embedded spaces.  Bates numbers should be endorsed on the lower right corner of all images.  For Excel spreadsheets and QuickBook database files, the native file should be accompanied by a single-page "PLACEHOLDER" image bearing the production bates number.  Images should be accompanied by a comma-delimited image cross-reference file (e.g., .OPT or .LFP) that associates each Bates number to the image file path for each Bates numbered page in a page level comma-delimited file containing seven fields per line: PageID, VolumeLabel, ImageFilePath, DocumentBreak, FolderBreak, BoxBreak, PageCount.

b.   All hidden text such as track changes, hidden columns, *etc.*, should be expanded and rendered in the image files.

c.   Any data or files that are encrypted or password protected should be decrypted and/or passwords removed prior to production.  If a password cannot be removed, the password must be provided.

d.   Provide the documents in a native format that is compatible with MS Office, if possible.  Please contact counsel for the United States if files cannot be produced in an MS Office-compatible format.

e.   Provide a data file (.DAT) containing fielded information to be loaded into a database for all documents in a production.  While hard copy documents may not have fielded information (i.e. metadata), these documents should also be referenced in the .DAT file with as much fielded information as reasonably possible, such as DocID End, Extracted Text path, and Custodian.  The first line of a .DAT file must contain a header row identifying field names.  All family relationship should be preserved, and all family documents should be produced.  Attachments shall sequentially follow the parent document or email and the relationship should be identified using Parent ID and Attachment ID fields.

4.   Inability to answer completely.  If any parts of the interrogatories cannot be answered in full, please answer to the extent possible and specify the reason for your inability to answer the remainder.  Please indicate when estimates rather than exact information has been used.

5.   Scope.  A party must include in its answer to any interrogatory information which, while not within its own knowledge, is nonetheless within the party's custody or control, or reasonably available to the party, the party's attorney, or any other source from whom it may reasonably be secured.

6.    <u>Identification of persons or organizations</u>.  Any request for the name or identity of a person or organization shall be deemed also to be a request for the current or last-known address and telephone number of such person or organization.

7.    <u>Identifying an Individual</u>.  When any interrogatory requests that an individual be identified, the following information about that individual shall be given:

a.  Full name;

b.  Current residential address, telephone number, and email address;

c.  Name of current employer; and

d.  Current business address and telephone number.

8.    <u>Asserting Claim of Privilege</u>.  If any information is withheld under any claim of privilege or for any reason, state the privilege claimed to apply.  Also, identify the person making the determination that the privilege or other reason applies.

9.    <u>Asserting Lack of Knowledge</u>.  If, after a reasonable and thorough investigation, you are unable to answer any interrogatory, or any part of an interrogatory, on the ground of lack of information available to you, specify in full and complete detail why the information is not available to you and what has been done to locate such information.  In addition, specify what knowledge or belief you do have concerning the unanswered portion of any interrogatory.

10.    <u>Objections</u>.  You should state with specificity the grounds of any objection to all or part a request.  If you believe that only part of a request is objectionable, make your objection and then respond to the request to the extent not objectionable.

**IV.   Definitions**

1.   You/Your/Yours.  The words "you," "your," and "yours" refer to Plaintiff Michael Goldberg, as Plan Administrator for 20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond Inc., and any agents acting on his behalf.

2.   Debtor. The word "Debtor" refers to 20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond Inc., and any agents acting on its behalf.

3.   2018 Refund Claim.  The term "2018 Refund Claim" refers to the Form 1120X, *Amended U.S. Corporation Income Tax Return*, filed by Debtor on December 15, 2022 for its taxable period ending March 3, 2018.

4.   2019 Refund Claim. The term "2019 Refund Claim" refers to the Form 1120X, Amended U.S. Corporation Income Tax Return, filed by Debtor on May 25, 2023 for its taxable period ending March 2, 2019.

5.   Donated Inventory.  The term "Donated Inventory" refers to property of Debtor that Debtor used to calculate the amount of the charitable contribution deductions Debtor claimed on its 2018 Refund Claim and 2019 Refund Claim.

6.   Charitable Contribution Deduction. The term "Charitable Contribution Deduction" refers to the deduction provided by 26 U.S.C. § 170.

7.   Person.  The word "person" includes natural persons, partnerships, joint ventures, firms, associations, proprietorships, corporations, or other such entities, along with their subsidiaries and divisions, and the individual members, employees, and agents thereof.

Dated:  April 6, 2026

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General,
Tax Litigation Branch

*/s/ Robert J. Atras*
ROBERT J. ATRAS
Trial Attorney, Civil Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel.:  (202) 598-3738
Fax:  (202) 514-6866
Robert.J.Atras@usdoj.gov

*Counsel for the United States*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 6, 2026, I sent a copy of the foregoing First Set of Written

Discovery to Plaintiff's counsel via email at:

**Raye Elliott**
Raye.Elliott@akerman.com
**Steven Wirth**
Steven.Wirth@akerman.com
**Peter Larsen**
Peter.Larsen@akerman.com
**Stefi George**
Stefi.George@akerman.com
*Counsel for Plaintiff*

*/s/ Robert J. Atras*

ROBERT J. ATRAS
Trial Attorney, Civil Division
U.S. Department of Justice